SO NGOR CHEUNG; et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–76757.

United States Court of Appeals, Ninth Circuit.

Submitted July 1, 2008.*

Filed July 10, 2008.

Robert P. Gaffney, Esq., Law Offices of Robert P. Gaffney, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jeffrey J. Bernstein, Esq., Michelle Latour, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

So Ngor Cheung, her husband Hon Wah Lau, and their children, petition for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review "whether substantial evidence supports a finding by clear, unequivocal, and convincing evidence that [petitioners] abandoned [their] lawful permanent residence in the United States." *Khodagholian v. Ashcroft,* 335 F.3d 1003, 1006 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's determination that the government met its burden of showing petitioners abandoned their lawful permanent resident status, because the record does not compel the conclusion that they consistently intended to return to the United States promptly. *See Singh v. Reno,* 113 F.3d 1512, 1514 (9th Cir.1997) (holding that "[t]he relevant intent is not the intent to return ultimately, but the intent to return to the United States within a relatively short period" and adding that an alien "may extend his trip beyond that relatively short period only if he intends to return to the United States as soon as possible thereafter"); *see also Chavez–Ramirez v. INS,* 792 F.2d 932, 937 (9th Cir.1986) (alien's trip abroad is temporary only if he has a "continuous, uninterrupted intention to return to the United States during the entirety of his visit").

Petitioners' contention that the BIA erred by streamlining their case is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 848 (9th Cir.2003).

We lack jurisdiction to review petitioners' contention that the agency failed to consider the policy behind extended validity visas under 8 U.S.C. § 1201, because they failed to exhaust that issue before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (this court generally lacks jurisdiction to review contentions not raised before the agency).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.